UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERARDO HERNANDEZ,

    Plaintiff,

    v.

TAQUERIA EL GRULLENSE, et al.,

    Defendants.

Case No. 12-cv-03257-WHO

**ORDER GRANTING MOTION FOR ENTRY OF CONSENT DECREE**

Re: Dkt. No. 65

## INTRODUCTION

Plaintiff Gerardo Hernandez filed this action alleging violations of the Americans with Disabilities Act ("ADA") and various California statutes, arguing that Defendant Taqueria El Grullense ("Taqueria") did not maintain proper handicap access to its facilities. Hernandez has filed an unopposed motion to enter a consent decree executed in March 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons below, the Court GRANTS Hernandez's Motion for Entry of Consent Decree.

## BACKGROUND

In November 2011, Hernandez drove to Taqueria for dinner. Second Amended Compl. ("Dkt. No. 56") at 5. Upon arriving, he "did not find any usable and 'accessible' parking places." *Id*. Once inside, Hernandez "had difficulty entering the men's restroom in his motorized wheelchair because the doorway was very narrow and not of the required width to access; he could not physically get in far enough to reach the toilet. On information and belief, had plaintiff been able to enter the men's restroom he would have found that he could not reach and/or use the toilet because the restroom was not properly configured in multiple ways for disabled use." *Id.* at 6.

Hernandez returned to Taqueria in January 2012 "in a smaller, manual wheelchair, thinking that perhaps this smaller wheelchair would fit into the restroom, but once 'through' the exterior restroom doorway he suffered a similar experience being unable to use the restroom, got stuck in the men's restroom, encountered barriers which did not allow him to reach any toilet in time, and suffered a humiliating bodily functions accident." *Id.* Subsequently, Hernandez filed this action against Taqueria, alleging violations of the ADA and various California statutes. *Id*. at 4-15.

After engaging in mediation supervised by Howard Herman, Director of the Alternative Dispute Resolution Program for the Northern District, all parties in this case signed a Consent Decree in March and April 2013. Plaintiff's Mot. for Entry of Consent Decree ("Dkt. No. 65") at 2. Among other things, the Proposed Consent Decree stated that Taqueria would perform certain modifications to its facilities in order to make the restaurant more accessible to handicap persons, and the last of these modifications had to be completed by December 2013. Consent Decree and [Proposed] Order as to Injunctive Relief and Damages Only ("Dkt. No. 58") at 5.

In April 2013, the parties submitted the Proposed Consent Decree to the Court as a proposed order. Dkt. No. 58. It was declined based on the ongoing modifications to be completed at Taqueria, the lack of "agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs," and the fact that the Proposed Consent Decree did not address various cross-complaints between the defendants. Order Re Consent Decree and Proposed Order ("Dkt. No. 59") at 1-2. Such pending matters made the parties' request "premature and incomplete." *Id.* at 2.

At a Case Management Conference on August 6, 2013, this Court also declined to enter the Proposed Consent Decree as an order because the status of the case remained as it was when the prior Order was entered. Civil Minutes ("Dkt. No. 62") at 1.

## DISCUSSION

Hernandez again asks the Court to enter the Proposed Consent Decree as an order, noting that the cross-complaints have since been dismissed. He argues that the plaintiff entered into a settlement with the expectation that his request for attorney's fees would not unduly be delayed. Indeed, it appears that the only benefit for entering the Proposed Consent Decree at this time,

1 rather than after the scheduled work is completed by the end of the year, is for the plaintiff's
2 counsel to be able to file a motion for attorney's fees as a prevailing party.

"Approval of a settlement is a judicial act that is committed to the informed discretion of the trial court." *Donavan v. Robbins*, 752 F.2d 1170, 1176-77 (7th Cir. 1985); *United States v Jones & Laughlin Steel Corp.*, 804 F.2d 348, 351 (6th Cir. 1986). "Before approving a consent decree, a district court must be satisfied that it is at least fundamentally fair, adequate and reasonable." *United States. v. State of Or.*, 913 F.2d 576, 580 (9th. Cir. 1990) (internal quotation marks omitted). "A consent decree is essentially a settlement agreement subject to continued judicial policing." *Id.*

The Court finds that the Proposed Consent Decree is fundamentally fair, adequate, and reasonable. It is specific enough to be enforced. The defendants do not oppose its entry. There are no legal issues left to be determined other than the amount of legal fees to be awarded to the prevailing party. Accordingly, there is no reason to delay entry of Proposed Consent Decree.

## CONCLUSION

Hernandez's Motion for Entry of Consent Decree is GRANTED.

**IT IS SO ORDERED**.

Dated: September 30, 2013



WILLIAM H. ORRICK
United States District Judge