United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERARDO HERNANDEZ,
Plaintiff,

v.

TAQUERIA EL GRULLENSE, et al.,
Defendants.

Case No. 12-cv-03257-WHO

**AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: Dkt. No. 92

## INTRODUCTION

Parties are often unhappy with the dispositive decisions of trial court judges. Instead of appealing, some parties seek permission to file a motion to have the trial court reconsider the decision. But under Civil Local Rule 7-9(b)(3), a party seeking leave to file a motion for reconsideration must show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b)(3). Plaintiff Gerardo Hernandez, or more accurately his counsel, seeks leave to file a motion for reconsideration of my 27-page Order On Motion for Attorneys' Fees, Dkt No. 91 ("the Order"), because I awarded $62,003.68 instead of the $102,013 that he requested. Because plaintiff has not shown that I failed to consider material facts or dispositive legal arguments in that order, and also fails to meet the requisites of Federal Rule of Civil Procedure 60(b), plaintiff's motion is DENIED.[1]

[1] This Order amends the Order Denying Motion for Reconsideration issued on June 9, 2014, Dkt. No. 95, to make clear that while the initial Order referred to reconsideration under Civil Local Rule 7-9(b)(3) because that is the standard under which plaintiff moved for reconsideration, the same result applies under Federal Rule of Civil Procedure 60, which governs relief from final judgments and orders. For the reasons discussed, reconsideration is not warranted under Rule 60 or under Civil Local Rule 7-9.

United States District Court
Northern District of California

## DISCUSSION

The Order sets forth the relevant background. Plaintiff's motion is premised on his displeasure with my order; not on any failure to consider material facts or dispositive legal arguments that were presented to me or on any basis allowed by Federal Rule of Civil Procedure 60(b).[2] It is not necessary to repeat what the Order already says. For example, plaintiff argues that it was unreasonable to deduct time for two attorneys to attend the mediation; to reduce time billed for various discrete tasks; and to reduce time billed in .1 hour increments. My reasoning is described in the Order if further review is sought. Plaintiff disagrees, but his disagreement does not provide the basis for a motion for reconsideration.

Plaintiff's motion makes four points not previously addressed, so I will discuss them below. None has merit.

### I. THE COURT'S ORDER WAS NOT CONTRARY TO CONTROLLING PRECEDENT

Plaintiff argues that I failed to consider *Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) regarding plaintiff's staffing decisions and that "[m]ost of the Court's criticisms of plaintiff's billing practices are based on the improper premise that defendants' standards or 'big firm' staffing practices can structure all of *plaintiff's* decisions, as to whether a task 'should' have been done by someone 'less experienced,' or in fewer hours, than declared by the prevailing attorneys in their time sheets and declarations under penalty of perjury." Mot. at 6 (emphasis in original). This complaint is unfounded.

The Order's criticisms of Rein Law's staffing decisions are not based on defendants' standards or "big firm" staffing practices, or on comparisons to how other firms may have staffed the matter. They are based on my duty, as commanded by the United States Supreme Court, to

---

[2] Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

exclude from the fee award any hours not "reasonably expended," including where a case is "overstaffed" or where hours are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The criticisms were guided by the Supreme Court's admonition that "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (emphasis in original) (citations omitted).

Plaintiff relies heavily on this passage in *Moreno*:

> The district court's inquiry must be limited to determining whether the fees requested by this particular legal team are justified for the particular work performed and the results achieved in this particular case. The court may permissibly look to the hourly rates charged by comparable attorneys for similar work, but may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests. The difficulty and skill level of the work performed, and the result achieved-not whether it would have been cheaper to delegate the work to other attorneys-must drive the district court's decision."

*Id*. at 1115. This discussion relates to the district court's reduction of the requested hourly rates from $300 to $250 an hour "because it thought that other firms could have staffed the case differently." *Id.* at 1114. The Ninth Circuit found that this reduction was improper because "the district court may not set the fee based on speculation as to how other firms would have staffed the case." *Id.*

Unlike the district court in *Moreno*, I did not reduce the claimed *hourly fees* of the various Rein Law attorneys and paralegals, much less based on a determination that another firm would have been cheaper. Rather, I reduced the *hours* claimed by Rein Law which were not "reasonably expended," including, in some instances, where highly skilled attorneys billed excessive hours for routine and duplicative work. That is my duty under *Hensley*, 461 U.S. at 434.

*Moreno* is not to the contrary. It states that "[a] district court thus awards only the fee that it deems reasonable" and that "[t]he number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno*, 534 F.3d at 1111 (citing *Hensley*, 461 U.S. at 433-34). As *Moreno* instructs, my determination in this matter was "limited to determining whether the fees requested by this particular legal team are justified for the particular work performed and the results

achieved in this particular case." *Moreno*, 534 F.3d at 1115. Indeed, since *Moreno*, various courts in the Ninth Circuit have found that hours are not reasonably expended when routine tasks are billed by highly experienced attorneys, rather than being delegated to colleagues with appropriate levels of experience. *See, e.g., Stonebrae, L.P. v. Toll Bros., Inc.*, 08-cv-0221-EMC, 2011 WL 1334444 (N.D. Cal. Apr. 7, 2011) ("Overstaffing can include the failure to appropriately delegate tasks to staff or attorneys with lower billing rates.") (citations omitted), *aff'd*, 521 F. App'x 592 (9th Cir. 2013); *Gold v. NCO Fin. Sys., Inc.*, 2010 WL 3339498, *1 (S.D. Cal. Aug. 23, 2010) (same); *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 2013 WL 4094697 (W.D. Wash. Aug. 12, 2013) ("Plaintiff cannot have it both ways: one cannot claim expertise as justification for high hourly rates and then spend significant amounts of time on procedural, simple, and/or threshold matters."); *Fisher v. City of San Diego*, 2013 WL 4401387, *2 (S.D. Cal. Aug. 14, 2013) ("While delegation of more routine tasks is not required, an attorney who does everything himself would typically bill at a lower hourly rate than one who does only the most difficult work. This avoids 'top-heavy' billing.").

## II. THE COURT DID NOT RELY ON DISCREDITED OR VACATED OPINIONS

Plaintiff argues that I improperly "resurrected a discredited 15 year old opinion," *MacDougal v. Catalyst Nightclub*, 58 F. Supp. 2d 1101 (N.D. Cal. 1999), where Judge Jenkins criticized the "wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals or less experienced associates." *MacDougal*, 58 F. Supp. 2d at 1105 (quoting *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3rd Cir.1983)); Mot. at 16. *MacDougal* has not been overturned. While Judge Patel declined to follow it in an unrelated case, *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1080 (N.D. Cal. 2010), *Blackwell* does not limit the persuasiveness of *MacDougal*. Nor does *Blackwell* fairly stand for the proposition that, in appropriate circumstances, a district court should not reduce hours unreasonably charged by highly experienced attorneys for routine matters. Indeed, after *Blackwell*, judges in the Northern District of California have repeatedly criticized Rein Law's practice of billing for highly experienced attorneys to perform excessive routine and duplicative work. *See, e.g., Cruz v. Starbucks Corp.*, 2013 WL 2447862, *9 (N.D. Cal. June 5, 2013); *Delson v. CYCT Mgmt. Grp., Inc.*, 2013 WL

1819265, *8 (N.D. Cal. Apr. 30, 2013).

Plaintiff contends that I erred in citing *White v. Ming R. Shen*, 09-cv-0989-BZ, 2011 WL 31187 (N.D. Cal. Jan. 5, 2011) as precedent because that opinion was vacated by Judge Zimmerman as part of a settlement while the action was on appeal. Mot. at 16. Contrary to that contention, I did not cite *White* for any legal proposition. Nor did I rely on *White* in determining the reasonableness of the fees claimed by Rein Law in this case. Rather, I referred to *White* as one of several opinions critical of Rein Law's billing practices. The ultimate vacatur of *White*, in accordance with the parties' settlement agreement, did not lessen those criticisms. As noted in the fees order, in vacating *White* and a related order, Judge Zimmerman noted that:

> The public interest in the Orders remains the same as when I issued them. Therefore, I want to make it clear that although vacatur seems to be the appropriate course of action based on the weighing of the equitable factors, *I have not changed my mind regarding the substance of the vacated Orders.*

*White*, 2011 WL 2790475, at *1 (emphasis added); Order at 11 n.12.

## III. THE COURT DID NOT FAIL TO CONSIDER CIVIL CODE § 55.55

California Civil Code Section 55.55 provides, in relevant part, that "in determining an award of reasonable attorney's fees and recoverable costs with respect to any construction-related accessibility claim, the court may consider, along with other relevant information, written settlement offers made and rejected by the parties." Plaintiff contends that I did not "consider[ ] Civil Code § 55.55 when evaluating the reasonableness of plaintiff's negotiations." Mot. at 18. But as plaintiff concedes, I discussed plaintiff's various settlement offers in the fees order. Mot. at 17-18. In fact, I expressly declined to reduce plaintiffs' fees for unreasonably protracting the litigation because the defendants delayed in making a Rule 68 offer in response to the plaintiff's settlement offer. Order at 26-27. Civil Code Section 55.55 does not warrant reconsideration of the Order.[3]

[3] In any event, by its language, Civil Code Section 55.55 is discretionary, not mandatory. Civil Code Section 55.55 ("the court *may* consider, along with other relevant information, written settlement offers made and rejected by the parties") (emphasis added).

United States District Court
Northern District of California

## IV. THE COURT DID NOT ERR IN REDUCING THE PLAINTIFF'S CLAIMED CONSULTANT FEES

Plaintiff argues that I erred in striking eight of ten hours claimed by his consultant for travel. Mot. at 19. Plaintiff misreads the Order. The reduction was not based solely on the consultant's travel costs. Rather, after noting that the consultant claimed 10 hours in travel time *and* that the claimed fees were more than double those requested by the same consultant in similar cases, I reduced the requested fees by $1,920 (eight hours), totaling approximately 16% of the $12,100 fees requested by the consultant. Order at 25-26.

## CONCLUSION

The Order speaks for itself. Because plaintiff has not shown that I failed to consider material facts or dispositive legal arguments in the order on the motion for attorneys' fees, and has not identified any basis for relief under Federal Rule of Civil Procedure 60, plaintiff's motion for leave to seek reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: June 11, 2014

WILLIAM H. ORRICK
United States District Judge